IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BENJAMIN ROBERSON**                                                  **PETITIONER**

**V.**                                                            **NO. 4:21-CV-41-DMB-JMV**

**COMMISSIONER MARSHALL FISHER**                                **RESPONDENT**

**MEMORANDUM OPINION**

After Benjamin Roberson filed a petition for a writ of habeas corpus challenging his being denied earned time credits under Mississippi law, the State moved to dismiss his petition for failure to state a claim upon which federal habeas relief could be granted. Because Roberson fails to allege a violation of his constitutional rights, his petition will be dismissed.

**I**
**Background and Procedural History**

Following his conviction for sexual battery,[1] Benjamin Roberson was sentenced to twenty-five years in custody of the Mississippi Department of Corrections ("MDOC"), with twenty years to serve and five years of post-release supervision. Doc. #7-3. On October 17, 2016, Roberson submitted a "Request for Administrative Remedy" challenging MDOC's policy "which restricts sex offenders from receiving Meritorious Earned Time (MET)." Doc. #7-6 at PageID 62. Three days later, his request was rejected because "[r]elief [was] beyond the power of the [MDOC] to grant." *Id.* at PageID 61. Roberson filed a motion for judicial review of the decision in the Issaquena County Circuit Court, in response to which the State filed a motion to dismiss. *See* Doc. #7-7. Because "pursuant to Miss. Code Ann. § 47-5-139(1)(d)" Roberson, as a convicted sex

---

[1] Doc. #7-2.

offender, is "statutorily barred from receiving" MET, the Circuit Court granted the State's motion and denied Roberson relief. *Id.* The Mississippi Court of Appeals affirmed the decision on April 7, 2020.[2] *Roberson v. Fisher*, 303 So. 3d 788, 792 (Miss. Ct. App. 2020).

On or about March 25, 2021, Roberson filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. Roberson specifies that his petition "is not challenging the conviction but only a ruling denying [him] Meritorious Earned Time (MET) during the serving of his sentence." *Id.* at 1. After being ordered to answer,[3] the State filed a motion to dismiss on June 25, 2021. Doc. #7. Roberson filed a traverse, Doc. #12, and the State did not reply.

On or about June 29, 2021, Roberson filed a motion for default judgment stating that the State's deadline to respond to his petition was June 27, 2021, and as of June 28, 2021, he had not received an "answer from the state nor evidence of a granted extension." Doc. #9. The same day, he filed a motion for summary judgment. Doc. #10. Roberson subsequently notified the Court that his motion for default judgment could be "disregarded" as he "finally received a copy of the States [sic] response" on July 2, 2021.[4] Doc. # 11.

## II
## Habeas Standard of Review

Except in those rare instances when exhaustion of state remedies is excused, 28 U.S.C. § 2254 "does not permit a federal court to grant a habeas application unless the applicant can show legal error under § 2254(d)(1) or factual error under § 2254(d)(2)." *Lewis v. Thaler*, 701 F.3d 783,

---

[2] The Court of Appeals denied Roberson's motion for rehearing. Doc. #8-1 at PageID 81. The Mississippi Supreme Court denied certiorari. Doc. #8-3 at PageID 253.

[3] Doc. #3.

[4] Based on Roberson's statement that the Court "may disregard the motion for default judgment," the motion was terminated.

2

791 (5th Cir. 2012). To establish legal error, "the applicant must show that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* (internal quotation marks omitted). "To establish factual error … the applicant must show that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (internal quotation marks omitted).

## III
## Analysis

Roberson raises only one ground in his petition: "MS Statute 47-5-142 & 138 are being conflated when there is no authority to do so. … 47-5-139 clearly refers to 47-5-138 only. 47-5-142 clearly states Any offender shall be eligible subject to 'THIS Section' (NOT 47-5-138 or 139)." Doc. #1 at 5.

The State argues "Roberson fails to state a claim upon which federal habeas relief can be granted" because he "failed to present a sufficient liberty interest to trigger constitutional protection, as Mississippi's MET statute is discretionary, providing only an *expectation* of receiving MET – which does not rise to the level of a liberty interest protected by the Constitution." Doc. # 7 at 8, 10–11. Roberson responds that the language of Mississippi Code § 47-5-142(1) stating that "any offender shall be eligible" is "mandatory … and unequivocally grants eligibility to any offender thereby creating a liberty interest." Doc. #12 at 1. Further, Roberson argues "§ 47-5-139 clearly restricts the earned time allowance" and "MET is distinguished from this type of earned time"[5] and there is no statute restricting his eligibility for MET. *Id.* at 3–5.

---

[5] Roberson also relies on this argument in his motion for summary judgment. Doc. #10 at 2.

3

"Federal habeas relief cannot be granted unless the petitioner alleges that he has been deprived of some right secured to him by the United States Constitution or the laws of the United States." *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007) (internal quotation marks omitted). At no point in his initial petition or his subsequent filings does Roberson identify which constitutional rights he alleges have been violated. However, based on his argument that he "does in fact have a liberty interest in MET and that failure to allow him to earn MET is a denial of that liberty,"[6] the Court presumes Roberson alleges a violation of the Due Process Clause.

"The procedural protections of the due process clause are triggered only where there has been a deprivation of life, liberty, or property." *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). Where, as here, a prisoner's life and property are not at stake, "the threshold question is whether he had a liberty interest that the prison action implicated or infringed." *Id.* (internal quotation marks omitted). "State laws … may create liberty interests protected by the Due Process Clause. In those situations, federal due process law sets the minimum procedures that are required before the state can deprive a person of that liberty interest." *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014) (internal citation omitted). When state law provides an inmate with a means for earlier release, a liberty interest in that program will arise when entitlement is "mandatory." *Id.* When entitlement is discretionary (or there is no entitlement at all), there will be no liberty interest. *Id.* at 312–13.

Mississippi Code § 47-5-142(1) provides, in relevant part, that "any offender shall be eligible, subject to the provisions of this section, to receive meritorious earned time as distinguished from earned time for good conduct and performance." But § 47-5-139(1)(d) provides that "[a]n inmate shall not be eligible for the earned time allowance if … [t]he inmate

---

[6] Doc. #12 at 4.

was convicted of a sex crime." The Mississippi Court of Appeals "has repeatedly held that, notwithstanding the broad language in section 47-5-142, eligibility for meritorious earned time is controlled by section 47-5-139." *Mason v. Miss. Dep't of Corr.*, 248 So. 3d 840, 841 (Miss. Ct. App. 2017) (collecting cases). Accordingly, offenders convicted of sex crimes are "not eligible to have [their] sentence[s] reduced for meritorious earned time." *Id.*

Because Roberson was convicted of a sex crime, he is ineligible for earned time[7] and thus has failed to allege the deprivation of a liberty interest. Accordingly, his petition is dismissed and his motion for summary judgment is denied as moot.

## IV
## Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Court requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds a COA should not issue in this case.

---

[7] To the extent Roberson challenges the Mississippi courts' application of § 47-5-139 to § 47-5-142, "any argument that state courts are incorrectly applying their own law … is not a basis for [federal habeas] relief." *Wansley*, 769 F. 3d at 312.

V
**Conclusion**

The State's motion to dismiss [7] is **GRANTED**. Roberson's motion for summary judgment [10] is **DENIED as moot**. Roberson's petition for a writ of habeas corpus [1] is **DISMISSED with prejudice**. A certificate of appealability is **DENIED**. A final judgment will issue separately.

**SO ORDERED**, this 10th day of January, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**